UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID KISSI,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CHRISTOPHER MEAD, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 08-2031 (RBW) |

## MEMORANDUM OPINION

The plaintiff initially filed this civil action in the Superior Court of the District of Columbia, and on November 25, 2008, it was removed to this Court. Now before the Court are the defendants' motions to dismiss and another motion, in the alternative, to transfer this action to the United States District Court for the District of Maryland.[1] For the reasons set forth below, the Court will transfer this action as requested by the defendants Maria Elena Chavez Ruark and DLA Piper US LLP.

---

[1]　The Court presumes, without deciding, that the complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure, that the complaint states claims upon which relief may be granted for purposes of Rule 12(b)(6) and 28 U.S.C. §1915A(b)(1), and that the plaintiff has standing to bring his claims. The Court will therefore deny without prejudice the motions to dismiss on these and other grounds filed on behalf of Venable LLP, Benjamin Civiletti, Michael Schatzow and Michael Hecht [#8], Maria Elena Chavez Ruark and DLA Piper US LLP [#9] and Bennett & Bair, Gary Bair and Michael Pearson [#17]. In addition, the Court will grant plaintiff's motion to dismiss his claims filed against defendant Ronald Schwartz [#52], and the motion to dismiss filed on behalf of Ronald Schwartz [#11] therefore will be denied as moot.

1

It appears that all of the defendants were involved in bankruptcy and related proceedings in the District of Maryland arising from the operations of DK&R Company, Inc., a Maryland corporation in which the plaintiff and his wife were officers, directors, and sole shareholders. *See* Statement of Points and Authorities in Support of the Piper Defendants' Motion to Dismiss or, in the Alternative, to Transfer to the United States District Court for the District of Maryland ("Piper Mot."), Exhibit ("Ex.") 1 (*Kissi v. Clement*, Civ. No. 4:08 CV 1784 (DCN) (N.D. Ohio Oct. 2, 2008) (order enjoining the plaintiff from filing new lawsuits without seeking and obtaining leave of court)). It further appears that the plaintiff "has waged a . . . long legal battle in the Maryland federal courts which has produced numerous and repetitious suits and resulted in [the plaintiff's] conviction of multiple federal charges." *Id.* The plaintiff and his wife are such vexatious litigants in the District of Maryland that The Honorable Peter J. Messitte issued an Order to:

> enjoin[] and restrain[] [the plaintiff and his wife] from continuing or instituting any actions or proceedings in any state court or in any United States court which constitute a collateral attack on any order or judgment of this Court . . . including any attempt to relitigate, reopen, reconsider, vacate or in any manner challenge or undermine the validity of any such order or judgment of this Court.

*Id.*, Ex. 2 (*Pramco II, LLC v. Kissi*, Civ. No. PJM 03 CV 2241 (D. Md. Oct. 10, 2003) (order granting preliminary injunction)).[2] Defendants Venable LLP, Civiletti, Schatzow, Hecht, Ruark, DLA Piper US LLP, and Mead argue that the instant civil action violates Judge Messitte's injunction order and move to dismiss on this basis. *See* Motion to Dismiss and for Injunctive Relief [#8] at 2; Piper Mot. [#9] at 5-6; Statement of Points and Authorities in Support of Defendant Christopher

---

[2] Judge Messitte later entered a permanent injunction "in the form of the preliminary injunction . . . allowing for the elimination of clauses pertaining to matters no longer operative." *See* Piper Mot., Ex. 3 (*Pramco II, LLC v. Kissi*, Civ. No. PJM 03 CV 2241 (D. Md. Oct. 24, 2004) (order granting permanent injunction)).

Mead's Motion to Dismiss and for Injunctive Relief [#14] at 3.  Defendants Ruark and DLA Piper US LLP move in the alternative to transfer this action under 28 U.S.C. § 1404(a) to the United States District Court for the District of Maryland.  Piper Mot. [#10] at 6-7.

Under 28 U.S.C. § 1404(a) (2006), "a district court may transfer any civil action to any other district . . . where it might have been brought" if such a transfer is "[f]or the convenience of the parties and witnesses [and] in the interest of justice."  *Id.*  "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  "As a prerequisite to transfer under [Section] 1404(a), venue must be proper in the transferee district with respect to every defendant and each claim for relief."  *Lamont v. Haig*, 590 F. 2d 1124, 1131 n.45 (D.C. Cir. 1978) (citations omitted); *see Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) ("[T]he power of a District Court under [Section] 1404(a) to transfer an action to another district is made to depend . . . upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff.").

In a civil action where the Court's jurisdiction is not based solely on diversity of citizenship, such as this case, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Given all the parties' involvement in prior proceedings in the District of Maryland and the apparent connection between the Maryland proceedings and the claims the plaintiff raises in this action, it appears that a substantial part of the events or omissions giving rise to the

3

plaintiff's claims occurred in Maryland. The Court therefore concludes that this action could have been brought in the District of Maryland.

Next, the Court must determine whether transfer to the District of Maryland is convenient for parties and witnesses and is in the interest of justice. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). To this end, the Court weighs private factors, such as the parties' choices of forum, where the claim arose, and convenience to the parties and witnesses, *see, e.g., Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32-33 (D.D.C. 2008), against public factors, such as the transferee court's familiarity with governing law and its local interest in deciding controversies arising there, *see, e.g., Kazenercom TOO v. Turan Petroleum, Inc.*, 590 F. Supp. 2d 153, 162-63 (D.D.C. 2008).

Both private and public factors support the transfer of this action to the District of Maryland. Notwithstanding plaintiff's choice of venue, it is clear that the District of Maryland is the more convenient forum. Plaintiff's claims arose in the District of Maryland, and that court is quite familiar with the prior proceedings involving these parties giving rise to the instant civil action. Of particular importance is the likelihood that plaintiff opted to file this action in the Superior Court of the District of Columbia for the express purpose of avoiding the consequences of Judge Messitte's injunction orders and a "transfer from the plaintiff's venue of choice serves the interest of justice when it would prevent a litigant from using one district court as a safe haven from the lawful orders of another." *Mikkilineni v. Penn Nat'l Mut. Ins. Co.*, 271 F. Supp. 2d 142, 150 (D.D.C. 2003) (citation and internal quotation marks omitted); *In re Tripati*, 836 F.2d 1406 (D.C. Cir. 1988) (per curiam) (concluding that the district court did not abuse its discretion by transferring an incarcerated *pro se* plaintiff's case to the District of Arizona where he had filed so many civil actions that that court "ordered its clerk not to accept any complaint or petition from Tripati except pursuant to an

4

order of a judge of the court"); *but see Kissi v. Ammendale Trust*, No. 08-3574, 2009 WL 485179, at *2 (D.N.J. Feb. 26, 2009) (dismissing with prejudice under 28 U.S.C. § 1915(e)(2) and for failure to establish diversity jurisdiction this same plaintiff's complaint as it was deemed to be an effort "to get around the injunction filed by the District of Maryland").  The District of Maryland certainly maintains an interest in having its orders followed and its judgments enforced.  It is also in a far better position to determine whether the plaintiff's claims are worthy of further consideration or whether the instant complaint violates Judge Messitte's injunction orders.

The plaintiff has filed hundreds of pages of documents and exhibits, none of which offer a meaningful opposition to the motion of the defendants who seek transfer to the District of Maryland.  His disagreement or displeasure with Judge Messitte's orders, *see, e.g.,* Pl.'s Opp'n at 1-3, is not a valid basis for allowing this matter to proceed in this district.

Accordingly, the Court will grant the motion to transfer filed on behalf of defendants Ruark and DLA Piper US LLP, will deny without prejudice the defendants' motions to dismiss, and will transfer this action under 28 U.S.C. § 1404(a) to the United States District Court for the District of Maryland.  In addition, the Court will deny the plaintiff's motions for a default judgment, for a writ ordering that he be transferred to the federal correctional facility in Petersburg, Virginia, for appointment of a pretrial master, and for leave to file an amended pleading.  An Order accompanies this Memorandum Opinion.

DATE:  June 10, 2009

/s/
REGGIE B. WALTON
United States District Judge